UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN TODD PARKER, | Case No. 17-CV-1369 (DSD/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| EDDIE MILES, Warden, MCF Stillwater, | |
| Respondent. | |

Petitioner Steven Todd Parker, a Minnesota state prisoner, "was originally sentenced in 2007 after a jury found him guilty of first-degree burglary, two counts of second-degree burglary, theft of a motor vehicle, and fleeing a police officer." State v. Parker, No. A09-354, 2009 WL 3736120, at *1 (Minn. Ct. App. Nov. 10, 2009). On direct appeal, the Minnesota Court of Appeals at first remanded to the district court for resentencing, and then affirmed a 360-month term of imprisonment for the offenses. Id. In 2011, Parker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District. That petition was denied with prejudice; most of the claims in the petition had been procedurally defaulted, and the lone fully exhausted claim was without merit. See, Parker v. King, No. 11-CV-0100 (DSD/LIB), 2012 WL 116038 (D. Minn. Jan. 13, 2012).[1]

Parker has now presented a second petition for a writ of habeas corpus challenging the same judgment of conviction. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Parker's habeas petition under Rule 4 of the Rules Governing Section 2254

---

[1]Parker filed a second habeas corpus petition during the pendency of his first habeas action, but he voluntarily withdrew that petition almost immediately after filing. See, Parker v. Smith, No. 11-CV-2907 (DSD/LIB) (D. Minn. filed Sept. 28, 2011).

Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Parker's petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is little doubt that Parker's pending habeas corpus petition is second or successive. The judgment under attack in that petition was the subject of Parker's first habeas corpus petition, which was denied with prejudice. See, Parker v. King, 2012 WL 116038, at *3. But Parker has not even requested authorization from the Eighth Circuit to file his most recent habeas corpus petition, much less received authorization to do so. Absent authorization, this Court lacks jurisdiction to consider the petition. See, Ward v. Norris, 577 F.3d 925, 938 (8th Cir. 2009).

When presented with an unauthorized second or successive habeas corpus petition, the district court may either dismiss the petition without prejudice or transfer the petition to the appropriate court of appeals for consideration of whether the petition should be authorized. This Court recommends dismissal, rather than transfer. Circuit courts may authorize second or successive habeas petitions only in limited circumstances: (1) the claim presented therein must rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) the allegations in the habeas petition, "if proven and viewed in light of the evidence as a whole, [must] be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Neither of those provisions appears to be established by Parker's petition, and thus the Eighth Circuit is overwhelmingly unlikely to authorize the petition. Further, even if the petition were not second or successive, it is by all indications

untimely, see, 28 U.S.C. § 2244(d), and the claims raised therein are unexhausted, see, 28 U.S.C. § 2254(b); Parker v. State of Minnesota, No. A14-2193, 2015 WL 4994540 (Minn. Ct. App. Aug. 24, 2015). Dismissal of the petition would be warranted on these independent, non-jurisdictional bases.[2]

In any event, Parker's petition is in fact second or successive, and it is therefore recommended that this matter be dismissed without prejudice for lack of jurisdiction. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Parker's current habeas corpus petition differently than it is being treated here. Parker has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Parker should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[2]Despite the above, nothing in this Recommendation precludes Parker from seeking authorization from the Eighth Circuit of his own accord.

2. No certificate of appealability be issued.

Dated: May 23, 2017    s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.