UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1369(DSD/LIB)

Steven Todd Parker,

      Petitioner,

v.                             **ORDER**

Eddie Miles, Warden,
MCF Stillwater,

      Respondent.


     This matter is before the court upon pro se petitioner Steven Todd Parker's objection to the May 23, 2017, report and recommendation (R&R) of Magistrate Judge Leo I. Brisbois. In his report, the magistrate judge recommended that Parker's habeas petition be dismissed without prejudice. On June 13, 21 days after the R&R was filed, the court, having received no objections, adopted the R&R and dismissed the case without prejudice. On June 15, 2017, Parker filed an objection to the R&R, which was signed on June 11, 2017. Parker argues that his objection is timely because he did not receive the R&R until May 29. In the interest of fairness, the court will consider Parker's objections to the R&R, and thus vacates the previous order and files this amended order regarding the R&R.

     The court reviews the R&R de novo. 28 U.S.C. § 636 (b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct.

## BACKGROUND

The underlying facts are not in dispute and will not be repeated except as necessary. In 2007, Parker was convicted of first-degree burglary, two counts of second-degree burglary, theft of a motor vehicle, and fleeing a police officer. See State v. Parker, No. A09-354, 2009 WL 3736120, at *1 (Minn. Ct. App. Nov. 10, 2009); State v. Parker, No. A07-0968, 2008 WL 2965925, at *1 (Minn. Ct. App. Aug. 5, 2008). On direct appeal, the court of appeals remanded for re-sentencing. See Parker, 2008 WL 2965925, at *11. Parker was re-sentenced to 360 months' imprisonment, which was affirmed by the court of appeals. See Parker, 2009 WL 3736120, at *1-2. In 2011, Parker filed a habeas petition pursuant to 28 U.S.C. § 2254, which was denied with prejudice because all but one of his claims were procedurally defaulted, and his remaining claim lacked merit. See Parker v. King, No. 11-100, 2011 WL 7031112 (D. Minn. Sept. 22, 2011) (R&R adopted by Parker v. King, No. 11-100, 2012 WL 116038 (D. Minn. Jan. 13, 2012)).

On April 25, 2017, Parker filed a second habeas petition, and on June 15, 2017, the magistrate judge recommended that the petition be denied without prejudice because Parker failed to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Parker now objects to the R&R.

**DISCUSSION**

**I. Objection**

Parker contends that his petition should not be considered second or successive because his first petition was dismissed on procedural grounds. In support of his argument, Parker cites <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), which held that a petition that is dismissed for failure to exhaust state remedies is not considered to be a second or successive petition, even if the subsequent petition contains claims not raised in the first petition. <u>Id.</u> at 487. But the holding in <u>Slack</u> only applies to situations where "a prisoner whose habeas petition was dismissed for failure to exhaust state remedies and ... then ... exhaust[s] those remedies and return[s] to federal court." <u>Id.</u> (citation and internal quotation marks omitted). In other words, <u>Slack</u> applies to unexhausted claims - when a petitioner can still return to state court - and not procedurally defaulted claims - when no state remedies are available. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-32 (1991) (citation and internal quotation marks omitted) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer available to him."). Here, the court dismissed Parker's first habeas petition with prejudice because his claims were procedurally defaulted. As a result, the R&R correctly concluded that Parker's petition is second or successive and that

3

it should be dismissed without prejudice for failure to obtain authorization from the court of appeals.[1]

## II. Certificate of Appealability

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack, 529 U.S. at 483–84 (2000). As discussed, the court is firmly convinced that Parker's petition is an unauthorized second or successive petition and that reasonable jurists could not differ. A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court's previous order [ECF No. 8] is vacated;

2. The objection [ECF No.10]to the report and recommendation is overruled;

3. The report and recommendation [ECF No. 7] is adopted in its entirety;

---

[1] The court does not address Parker's remaining objections because they are either irrelevant or reach the merits of his habeas claims.

4. The petition for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice; and

5. The motion for a certificate of appealability [ECF No. 11] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 27, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court